IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| TBV PRODUCTIONS, LLC, and HUNTER KILLER PRODUCTIONS, INC., <br><br>Plaintiffs,<br>vs.<br><br>APTOIDE S.A. and JOHN DOES 1–10,<br><br>Defendants. | CIVIL NO. 19-00171 JAO-RT<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |
|---|---|

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiffs Hunter Killer Productions, Inc., and TBV Productions, LLC's, Motion for Reconsideration of the Court's April 9, 2019 Entering Order ("EO"), Doc. No. 10, denying Plaintiffs' Ex Parte Application for Entry of Temporary Restraining Order and Preliminary Injunction, filed on April 6, 2019, Doc. No. 7. This matter is suitable for disposition without a hearing pursuant to Rule 7.2(e) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below the Motion is DENIED.

Plaintiffs seek reconsideration of this Court's EO denying their Ex Parte Application on the grounds that (1) Plaintiffs inadvertently did not attach a Declaration of Counsel to the Motion and (2) other courts did not require personal

service in similar circumstances.  Neither claim is a proper basis for reconsideration.

Local Rule 60.1 governs this Motion, and provides three grounds for reconsideration of interlocutory orders: "(a) [d]iscovery of new material facts not previously available; (b) [i]ntervening change in law; [or] (c) [m]anifest error of law or fact." Local Rule 60.1.  The Ninth Circuit requires that a successful motion for reconsideration satisfy two requirements.  "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision.  Second, the motion must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (internal quotation and citation omitted).  Mere disagreement with a court's analysis is not a sufficient basis for reconsideration. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Plaintiffs have not identified the Local Rule 60.1 provision upon which they

rely, but Local Rule 60.1(a) (discovery of new material facts not previously available) and Local Rule 60.1(c) (manifest error of law or fact) are the only provisions that could potentially apply. The arguments advanced by Plaintiffs fail to offer a basis for reconsideration pursuant to either provision. The Declaration of Attorney attached to the Motion does not contain new material facts not previously available, and under Federal Rules of Civil Procedure ("FRCP") 4(k)(1) and 4(k)(2) this Court does not have jurisdiction over Defendant Aptoide.

The Declaration of Counsel attached to the Motion does not constitute "new evidence not previously available" and may not serve as the basis for reconsideration. The Declaration is dated April 6, 2019, and could have been attached to Plaintiffs' Application. Doc. No. 11-1. Plaintiffs' failure to file a sufficiently supported Application cannot serve as an excuse for a second bite at the apple. Motions for reconsideration are not to be used for this purpose.

In addition, even if the Court were to consider the Declaration of Counsel, Plaintiffs' Motion would still be denied. Defendant has not been served, and FRCP 4(k) expressly requires service of a summons or the filing of a waiver of service to establish personal jurisdiction over a defendant under these circumstances. *See* Fed. R. Civ. P. 4(k)(1)(A), 4(k)(2); *see also Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4[] of the Federal Rules of Civil Procedure, or there is no

personal jurisdiction."). Accordingly, the Court cannot exercise personal jurisdiction over Defendant Aptoide. Plaintiffs argue in their Motion that service was not required, citing three district court cases that they did not cite in their Application. A motion for reconsideration may not be used to raise arguments that could have been presented earlier. In addition, the cases Plaintiffs cite are nonbinding, and the opinions do not contain any discussion about service or personal jurisdiction that would allow the Court to find those cases analogous to this case. *See generally ABS-CBN Corp. v. Goldman*, No. 17-60440-CIV, 2017 WL 4868179, at *4 (S.D. Fla. Mar. 24, 2017); *Lions Gate Films Inc. v. Does*, No. 214-CV-06033-MMM-AGR, 2014 WL 12580399 (C.D. Cal. Aug. 4, 2014); *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1156 (D. Haw. 2002).

Plaintiffs have failed to provide a basis for reconsideration, much less facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. Mere disagreement with the EO is insufficient to warrant reconsideration. Accordingly, the Motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, April 22, 2019.



 /s/  Jill A. Otake_____
Jill A. Otake
United States District Judge

CIVIL NO. 19-00171 JAO-RT; *TBV PRODUCTIONS v. APTOIDE*; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION