IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TBV PRODUCTIONS, LLC, HUNTER KILLER PRODUCTIONS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> APTOIDE S.A., JOHN DOES 1-10, <br><br> Defendants. | CIV. NO. 19-00171 JAO-RT <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR ORDER PERMITTING CLERK TO PERFORM FOREIGN MAILING |

ORDER DENYING PLAINTIFFS' MOTION FOR ORDER
PERMITTING CLERK TO PERFORM FOREIGN MAILING

Before the Court is Plaintiffs TBV Productions, LLC and Hunter Killer Productions, Inc.'s (collectively "Plaintiffs") Motion for Order Permitting Clerk to Perform Foreign Mailing, filed on April 30, 2019 ("Motion"). ECF No. 16. The Court elects to decide the Motion without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

The Court, having carefully reviewed the Motion, records in this case, and applicable law, DENIES the Motion. Although the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention") does not prohibit service by international mail, service by such means in this case is proper only when authorized by the Federal Rules of Civil Procedure ("FRCP").

The Motion is DENIED because Plaintiffs failed to show that FRCP 4(f)(2) is applicable. However, even if FRCP 4(f)(2) applies, Plaintiffs failed to show that service by international mail is not prohibited by Portuguese law.

BACKGROUND

On April 22, 2019, Plaintiffs filed an Affidavit Requesting Foreign Mailing ("Affidavit"). ECF No. 13. The Affidavit requested that the Clerk of Court mail a copy of the Summons, Complaint, and Rule 16 Scheduling Order, and a "Portuguese machine translation of these three documents," [1] to Defendant Aptoide S.A. in Portugal to effect service on Defendant. Id. Plaintiffs' counsel claimed that service by mail was authorized by Portuguese law. Id. In support, Plaintiffs cited to the U.S. Department of State's website.

On April 26, 2019, District Court Judge Otake's entering order held that the Affidavit failed to provide legitimate authority that service by mail is authorized by Portuguese law. ECF No. 15. The website Plaintiffs cited explicitly states: "THIS INFORMATION IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A SPECIFIC CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO THE APPROPRIATE FOREIGN AUTHORITIES OR FOREIGN COUNSEL." Judge Otake noted that Plaintiffs failed to explain why

---

[1] It is unclear whether Plaintiffs are requesting their documents to be translated into Portuguese. Although not part of the record, Plaintiffs have submitted to the clerk's office documents that appear to be written in a foreign language. Thus, the Court will not construe Plaintiffs' references to translated documents as a request for their documents to be translated.

2

they did not comply with the Hague Convention or why service could not be affected by means established by the Hague Convention. Id.

On April 26, 2019, Plaintiffs filed the instant Motion.

## DISCUSSION

It is Plaintiffs' responsibility to serve the summons and complaint within the timeframe allowed by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Here, Plaintiffs request that the Clerk of Court serve the Defendants in Portugal by international mail.

Plaintiffs argue that the Ninth Circuit allows service by international mail as long as "the receiving state has not objected to service by mail[ ] and [that] service by mail is authorized under otherwise applicable laws." Motion, p. 1 (citing Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1507 (2017)). Portugal is a signatory to the Hague Convention and has not objected to Article 10(a) of the Hague Convention. Convention Done at the Hague Nov. 15, 1965, T.I.A.S. No. 6638 (Feb. 10, 1969). In relevant part, Article 10(a) of the Hague Convention states: "Provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad . . . " Id. at Chapter I, Art. 10(a). However, the Ninth Circuit has held that "**Article 10(a) does not itself affirmatively authorize international mail service**. It merely provides that the Convention 'shall not interfere with' the 'freedom' to use postal channels if the 'State of destination' does not object to their use." Brockmeyer v. May, 383 F.3d 798, 803-04 (9th Cir. 2004) (emphasis added).

Thus, "*in order for the postal channel to be utilized, it is necessary that it be authorized by the law of the forum state.*" Id. (emphasis in original) (citations omitted).  The Ninth Circuit has thus concluded that the Courts must "look outside the Hague Convention for affirmative authorization of the international mail service that is merely not forbidden by Article 10(a).  Any affirmative authorization of service by international mail, and any requirements as to how that service is to be accomplished, must come from the law of the forum in which the suit is filed" Id.  In this case, the Court must look to the FRCP to determine service requirements.

According to Plaintiffs' Complaint, Defendant Aptoide S.A. is an entity analogous to a corporation, organized under the laws of Portugal.  ECF No. 1.  Thus, service of Defendant, a corporation, is governed by Rule 4(h), which states that service on a corporation is made by following Rule 4(f):

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> . . .
>
> (2) at a place not within any judicial district of the United States, <u>in any manner prescribed by Rule 4(f) for serving an individual</u>, except personal delivery under (f)(2)(C)(i).

FRCP 4(h) (emphasis added).  Thus, Defendant should be served by following Rule 4(f):

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent

>
> person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > >
> > > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> > >
> > > (C) unless prohibited by the foreign country's law, by:
> > >
> > > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > >
> > > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> >
> > (3) by other means not prohibited by international agreement, as the court orders.

FRCP 4(f)(1)-(3). Rule 4(f) provides three different ways in which Defendant may be served: (f)(1), (f)(2) or (f)(3). Plaintiffs specifically seek to serve Defendant under Rule 4(f)(2). The options under Rule 4(f)(2) are available only "if there is no internationally agreed means, or if an international agreement allows but does not specify other means." FRCP 4(f)(2).

5

The Hague Convention provides an internationally agreed means of service by requiring each signatory state, including Portugal, to designate a Central Authority to receive and process service requests from other signatory states.  Id. at Chapter I, Art. 2-6.  Thus, the only way FRCP 4(f)(2) may apply is that the Hague Convention must "not specify other means" of service.  FRCP 4(f)(2).  Plaintiffs have not dealt with this issue.  Plaintiffs have not addressed why they should not be required to effect service through Portugal's Central Authority as required by the Hague Convention.

In addition, Rule 4(f)(2)(C) requires that the method of service requested is not "prohibited by the foreign country's law."  FRCP 4(f)(2)(C).  In support, Plaintiffs cite to the Hague Conference on Private International Law website.  However, the website states: "Practical Information: The following information was provided by the relevant State authorities or was obtained from the replies to the Service Convention Questionnaires."  The warning does not explain which State authorities were consulted, who responded to the Service Convention Questionnaires, and provides no assurance that the information is accurate.  Thus, citing the website does not satisfy Plaintiffs' obligation to demonstrate that service upon an individual by international mail is not "prohibited by the foreign country's law."  FRCP 4(f)(2)(C); see ECF No. 15.

Accordingly, the Court DENIES Plaintiffs' Motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 31, 2019.



 /s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

___

*TBV Productions, LLC, et al. v. Aptoide S.A., et al.*; Civ. No. 19-171 JAO-RT; Order Denying Plaintiffs' Motion for Order Permitting Clerk to Perform Foreign Mailing